THE STATE, DEFENDANT IN ERROR, v. EDWARD M. KELLY, PLAINTIFF IN ERROR.

Submitted March 23, 1908—Decided June 15, 1908.

On error to the Supreme Court, whose opinon is expressed in the following memorandum:

PER CURIAM.

This is a conviction for keeping a disorderly house. On the trial, the ground upon which the disorderly character of the house was put, was that it was a place wherein whoring was habitually permitted.

The first assignment is based upon an exception to the refusal of the trial judge to quash the indictment. The first objection raised against the indictment is that it did not appear that it was found within six weeks after the grand jury was empaneled, the insistence being that the life of the grand jury, under the provisions of the act of 1903 (*Pamph. L., p.* 341), expired six weeks after its empanelment, unless the court ordered the sheriff to refrain while summoning a new grand jury.

If there is any substance in this objection, it is sufficient to say that there is nothing in the case to exhibit the existence of facts upon which the objection was grounded.

It is next objected that the list of names purporting to be those of the grand jury which found this indictment is not signed by anybody, and so there was no legal grand inquest. The objection is that it should appear that the grand jurors which found the indictment were duly returned by the sheriff.

The indictment is in the usual form, reciting that those who found it were duly commissioned and then and there duly charged to inquire in behalf of the state. No precept is required to empower the sheriff to bring in the grand jury. The law requires him to do so. When the panel is presented in the court by the sheriff, it is presumed to be done in pursuance of his statutory authority. This presumption is not overcome by the paper filed in the clerk's office and inserted in the record. This purports to be a certificate of the sheriff. It is signed by his name, followed by the words "By Cyrus Benedict, Under Sheriff." This does not show that the sheriff did not cause to come before the court, good and lawful men to serve as grand jurors. It only means that the under sheriff, for the sheriff, certified to that fact; and if the jury was selected by the sheriff it was a good jury, whether there was or was not a certificate.

If, however, there was any substance in this objection it should have been taken by challenge to the grand jury.

It is again assigned for error that the sheriff failed to select the general panel of jurors for the September term. There was no challenge for this specific cause, the only challenge being that the jurors were not drawn in the manner provided by law, which was too general. Besides, the evidence shows that, although the sheriff was ill, he had attended to important business, and that he supervised the selection of the jurors, while Mason marked the names suggested by the sheriff.

It is unnecessary to decide whether a deputy sheriff has power to select a jury, for in this case there was evidence to show that the selection was done by the sheriff.

It is again assigned for error that the court illegally admitted evidence of conversations between men and women at the hotel, in the absence of the proprietor. This was permissible, because all acts and conduct of those within are part of the *res gestæ;* they are a part of the conduct which proves or disproves disorder. *Bindernagle* v. *State,* 31 *Vroom* 307.

It is assigned for error that the court permitted Mason to testify to the reputation of two women seen inside the house. The fact that prostitutes visited the house was competent testimony, and the fact that those visiting were prostitutes is provable by proof of reputation.

It is also assigned for error that Mason was permitted to testify that when he made the complaint against the defendant, he had the affidavit of one Josephine Lord, who had been sent to the State Home for Girls for frequenting this house when she was seventeen years of age, and afterward permitted the said Josephine Lord to be called as a witness, when she could not testify to any fact within the time limited by the enactment.

Mason had testified for the state that he, on September 1st, had seen two prostitutes enter the defendant's place, each with a man, and remain there for some time, and each came out with a man. For the alleged purpose of impeaching

his truthfulness, he was asked by the counsel for the defendant whether he had not made the complaint upon which the defendant was arrested, and which stated that on August 2d, and for a long time prior, the defendant did keep and maintain a disorderly house. He was then asked whether he made this complaint as an allegation of fact. This question was designed to bring out that the complaint had been made without the personal knowledge of the witness, who admitted that at the date of the complaint, namely, August 31st, he had not seen any women go into defendant's place. This inquiry was entirely irrelevant, but was admitted.

The witness answered: "It (the complaint) was made on affidavits of girls who had been sent to the State Home for Girls." This left Mr. Mason in the position of having sworn out a warrant recklessly, on the strength of affidavits made by other people.

It was, therefore, open to the prosecution to show that his conduct had not been so regardless of truth, by showing more particularly the character and strength of the affidavits upon which he had acted. So the prosecutor, on his redirect examination, asked: "What affidavits do you refer to?" Then came the answer: "Had an affidavit of Josephine Lord, who had been sent to the State School for Girls by her parents for frequenting this house when she was seventeen years of age."

There was no motion to strike out the part of the answer which stated why the girl had been sent to the reform school. The court, however, did say that the state could not go into the details of what somebody else said; and the counsel for the defence remarked: "That he wished to show that Mason did not get the information of his own knowledge," and the matter then rested.

There was no injurious error. The judgment is affirmed.

For the plaintiff in error, *Frank E. Bradner* and *Michael T. Barrett.*

For the defendant in error, *Henry Young.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the memorandum filed in the Supreme Court.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   14.

*For reversal*—None.